IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rufus John Shepherd,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Alberto R. Gonzales,<br><br>　　　　Respondent. | No. CV 06-1153-PHX-SRB(CRP)<br><br>**REPORT AND RECOMMENDATION** |

On April 25, 2006, Petitioner, Rufus John Shepherd, #A20-047-463, confined at the INS Processing Center in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket 1). On June 20, 2006, Petitioner filed a Supplement to his Petition. (Docket 10). On July 28, 2006, Respondent filed his Response in Opposition to Petition for Writ of Habeas Corpus. (Docket 13). On August 6, 2006[1], Petitioner filed a Motion to Grant his Petition for Respondent's Failure to Prosecute[2]. (Docket 14). On August

---

[1] The Docket indicates that the Motion was filed on August 8, 2006. However, it appears that this was the date the Motion was received by the Clerk of the Court, not the date on which Petitioner mailed it. The federal mailbox rule deems a legal document filed when a pro se prisoner gives it to a prison official for mailing. *See Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir.2001); *See Lott v. Mueller*, 304 F.3d 918 (9th Cir.2002).

[2] Petitioner argued the Respondent had not timely filed a response to his petition.

1 14, 2006, the Court denied Petitioner's motion. (Docket 15).  On August 29, 2006, Petitioner 2 filed a Motion requesting that a copy of the Respondent's Response be forwarded to him. 3 (Docket 16).  On September 7, 2006, the Court granted Petitioner's Motion.  On September 4 19, 2006, Petitioner filed a Reply to Respondent's Response. (Docket 21).

5       This Court discovered in a search of the Ninth Circuit Court of Appeals' docket that 6 a new address had been submitted for Petitioner on October 5, 2006.  This new address was 7 in England, Petitioner's country of origin.  The Court, having reason to believe that Petitioner 8 was no longer in the custody of the Department of Homeland Security, issued an order on 9 November 1, 2006, giving Petitioner until November 30, 2006, to explain why his case 10 should not be dismissed as moot. (Docket 22).

11       The Court docket in this case indicates that a copy of the Court's November 1, 2006 12 Order was mailed to Plaintiff on November 3, 2006, to Petitioner's address at the Eloy 13 Detention Center.  Docket entry 25 indicates that this mail was returned as undeliverable on 14 November, 20, 2006, with notations "insufficient address" and "unable to forward."  On 15 November 2, 2006, Petitioner filed a Notice of Post-Removal Change of Address. (Docket 16 23).  This Notice gave an address in England where the Court could send any future filings, 17 in anticipation of "abrupt removal by the respondent." (*Id.*)

18       On January 5, 2007, the Court issued a second order giving Plaintiff until March 2, 19 2007, to explain why his case should not be dismissed as moot. (Doc. 26).  This Order 20 directed the Clerk of the Court to send a copy of the order to Petitioner's address in England. 21 The Court docket indicates that this was done on January 5, 2007.  To date nothing has been 22 filed by Petitioner.

23       Pursuant to the Rules of Practice of this Court this matter was referred to Magistrate 24 Judge Charles R. Pyle for a Report and Recommendation.  The Magistrate Judge 25 recommends the District Court, after its independent review of the record, enter an order 26 **denying** Petitioner's Petition for Writ of Habeas Corpus (Docket 1) as moot.

27
28

**Discussion**

In Ground One of his Petition, Petitioner challenged his detention on the grounds that he had been held for 30 months, in violation the Fifth Amendment. (Docket 1, p.6-7). However, the procedural posture in this case suggests that Petitioner is no longer in the custody of the Department of Homeland Security. The fact that Petitioner is no longer being detained, suggests that his Petition is now moot. However, this alone does not necessarily render the Petition moot.

A habeas petition is still appropriate if it may remedy collateral consequences. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983 (1998), citing *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556 (1968). In order for a claim to survive, there must be collateral consequences in the form of a concrete or continuing injury sufficient to maintain the action. *Id.* Thus, mootness is a question of whether or not there is any relief that the Court can grant. *Harrison v. Indiana*, 597 F.2d 115, 118 (7th Cir. 1979). The Court has recognized that most criminal convictions do entail adverse collateral legal consequences, even after a defendant's term of imprisonment has expired. *Sibron v. New York*, 392 U.S. 40, 55, 88 S.Ct. 1889, 1898-99 (1968); *Spencer v. Kemna*, 523 U.S. at 12. However, the Court has not extended that presumption beyond the context of criminal convictions. *See Spencer v. Kemna*, 523 U.S. 1 (refusing to extend presumption of collateral consequences to parole revocations). Because Petitioner's Petition does not arise in the context of a criminal conviction but rather from a detention related to immigration proceedings, he is not entitled to the presumption that his detention has collateral consequences.

Petitioner raises only one ground in his habeas petition, that his continued detention is unconstitutional. Petitioner's subsequent release from custody renders his petition moot as he is unable to show that there would be the type of collateral consequences stemming from this ground that have been recognized by the court.[3]

---

[3] Petitioner refers to himself as a "derived citizen of the United States." (Docket 1, p. 6). However, this infers a challenge to the order of removal against Petitioner, the action

- 3 -

**Conclusion**

For the foregoing reasons, the Magistrate Judge recommends that the District Judge, after her independent review of the record, enter an order **denying** Petitioner's Petition for Writ of Habeas Corpus. (Docket 1).

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten (10) days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc), *cert. denied*, 540 U.S. 900 (2003). If objections are filed, the parties should direct them to the District Court by using the following case number: **CV 06-1153-PHX-SRB**.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the Petitioner and Respondent in this case.

DATED this 30th day of April, 2007.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

---

presented to the Ninth Circuit Court of Appeals by Petitioner. This issue is not before this Court as it does not have jurisdiction over challenges to orders of removal. REAL ID Act of 2005, Public Law 109-13, 119 Stat. 231, § 106(c).

- 4 -